
RECEIVED
IN LAKE CHARLES, LA


APR 29 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:06 CR 20069** |
| **VS.** | : | **JUDGE MINALDI** |
| **JOSEPH M. NEAL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

On June 13, 2006, Joseph M. Neal was charged in a Bill of Information with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and one count of forfeiture pursuant to 18 U.S.C. §924(D)(1).

Neal pleaded guilty to Count 1, possession of a firearm by a convicted felon, on May 16, 2007. Neal signed a factual stipulation in which he admitted that on December 15, 2005, he possessed two handguns: a .22 caliber semi-automatic pistol and a .32 caliber revolver. The factual stipulation also includes an admission that Neal was convicted of distribution of marijuana in Louisiana State Court on April 28, 2004.[1]

A Presentence Report ("PSR") was issued on July 23, 2007. The defendant filed several objections. The PSR was revised on August 9, 2007. The revised PSR recommended a base offense level of 20 pursuant to U.S.S.G. §2K2.1(a)(4)(A). Pursuant to §2K2.1(b)(5), the offense level was increased by an additional four levels because Neal possessed the firearms in connection with another felony offense, the possession of controlled substances. Pursuant to §§4B1.4(a) and

---

[1]     Govt. Exhibits 1, 2 and 3 introduced at the sentencing hearing clarify that the earlier conviction was for distribution of cocaine, not marijuana.

4B1.4(b)(3)(A), the revised PSR was adjusted to 34, based upon a finding that Neal was an armed career criminal. Three points were deducted for acceptance of responsibility, for a total offense level of 31.

Neal's criminal history included five felonies for which he was assessed ten points. Two additional points were added because Neal committed this offense while serving a term of probation. U.S.S.G. § 4A1.1(d). A total of twelve criminal history points would normally result in a Criminal History classification of V. However, because the defendant possessed the firearms in connection with a controlled substance offense, his Criminal History Score was automatically adjusted to VI.

According to the revised PSR, Neal's total offense level is 31 and his Criminal History Category is VI, resulting in a guidelines range of 188-235 months imprisonment. The PSR further noted that Neal is subject to a mandatory minimum sentence of 15 years imprisonment (180 months) provided in 18 U.S.C.§924(E)(1). (Revised PSR at ¶¶53, 54).

The sole remaining objection before the court is whether the defendant is an armed career criminal. On January 4, 2008, the Court held a hearing to determine whether the defendant is subject to the enhancements of the Armed Career Criminal Act ("ACCA"). The matter was taken under advisement. Both the Government and the defense filed post hearing briefs and the defendant supplemented the record with a transcript of the January 4 hearing.

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes a mandatory fifteen-year sentence on a felon who has been convicted of the unlawful possession of a firearm, and who has three previous convictions for a "violent felony" or a "serious drug offense." In the instant case, Neal 's sentence was enhanced due to three prior convictions: December 12, 2002 distribution of cocaine; December 19, 2002 distribution of cocaine; and December 29, 2002, distribution of

cocaine.[2] Neal does not suggest that his crimes were not "serious drug offenses" for the purposes of § 924(e). Instead, he argues that these three prior drug convictions should be treated as a single "serious drug offense" for the purposes of § 924(e). All of these sales occurred in the same month and the sales were made to the same person, Agent Ty.

The defendant argues that it is impossible to ascertain from the testimony of Sargent Romero at the January 4 hearing, whether or not Joseph Neal completed one alleged drug sale before agreeing to enter into another one with Agent Ty. Neals asserts that there was an ongoing relationship between Agent Ty and Neal. Agent Ty was not called to testify. Neal argues that the Government did not meet its burden to prove that the three prior convictions were separate offenses, therefore the armed career criminal enhancement is not warranted.

At the sentencing, the Government introduced certified copies of the various court documents regarding all three predicate drug convictions. These included the state charging document, court minutes of the guilty plea and sentencing hearing, and a form reflecting Neal's understanding of his constitutional rights.[3] The record is in compliance with *Shepard v. U.S.*[4] and are the types of documents upon which this court may properly rely in determining the appropriateness of the §924(e) enhancement.

*U.S. v. White,* 465 F.3d 250, 252 -254 (C.A.5 (La.), 2006), is factually similar to the case at bar. White claimed that on March 12, 1988, a confidential informant approached him and requested to purchase cocaine and marijuana. White immediately supplied the informant with marijuana, but

---

[2]    PSR ¶29; Govt Exhs. 1, 2, & 3.

[3]    Govt. Exhibits 1, 2, 3

[4]    544 U.S. 13, 16 (2005).

did not have cocaine on his person at time. He arranged to sell cocaine to the informant five days later, and he returned on March 17 to complete the cocaine transaction. White's two offenses were charged separately, but tried together.[5] The court held that these were separate transactions for ACCA purposes.

Similarly, Sargent Romero testified about three purchases made by Agent Ty from the defendant. Defense counsel asked Sargent Romero if he knew when Agent Ty made arrangements for each of these buys. He stated that he did not know (transcript, p. 7). From this, the defendant argues that there is no evidence that this wasn't one continuing agreement to buy drugs. In *White* there was direct evidence that arrangements for the next purchase were made at the time of another purchase, yet the court held that these were two separate transactions.

The Government met its burden by providing reliable evidence of Neal's past convictions. The burden shifts to Neal to prove that the convictions do not support the ACCA enhancement by a preponderance of the evidence.[6] Neal argues that the ACCA enhancement is not proper because an ambiguity might exist regarding the date of the offenses, but the defendant failed to introduce a preponderance of evidence that his offenses actually occurred simultaneously or as part of a continuing course of conduct.

---

[5] White offered no evidence indicating that his drug offenses were conducted in the manner he described. Rather, in a sentencing memorandum and during White's sentencing hearing, his counsel asserted the underlying "facts" of White's drug convictions. The court found that such assertions by counsel were not evidence; White did not present evidence to rebut the PSR, which established two separate criminal transactions. See *United States v. Quertermous*, 946 F.2d 375, 378 (5th Cir.1991). The court further reasoned that, even assuming arguendo that White's version of events was accurate, the district court did not err in holding that his drug crimes constituted separate "serious drug offenses" for the purposes of § 924(e).

[6] *U.S. v. Bookman*, 2008 WL 189984 (5th Cir. Tx); *U.S. v. Barlow*, 17 F.3d 85, 89 (5th Cir. 1994).

It is well established in this circuit that "[m]ultiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of § 924(e)."[7] Accordingly, the fact that Neal's drug charges were pleaded and sentenced together is irrelevant to the determination of whether his actions constituted three criminal transactions. Fifth Circuit precedent has long held that crimes that are "distinct in time" are properly treated as separate criminal transactions for the purposes of § 924(e).[8]

In *Ressler, id*, the defendant argued that because he stabbed his victim in the course of fleeing the scene of his earlier crime, his two crimes were part of the same transaction. However, the court noted that Ressler was "free to cease and desist from further criminal activity" after fleeing the scene of his crime, yet he made the independent decision to attack a good Samaritan who attempted to detain him. *Ressler*, 54 F.3d at 260.

Similarly, in *United States v. Cardenas*, 217 F.3d 491 (7th Cir.2000), the defendant sold crack cocaine to informants, agreed to sell more if the buyers were satisfied with their first purchase, and returned *forty-five minutes* later to complete a second sale; because the first sale was not contingent upon the second, and the defendant "had plenty of time to change his mind, to cease and desist, and to refuse to sell to the informants," the court determined that Cardenas had partaken in two criminal transactions. *Cardenas*, 217 F.3d at 492 (emphasis added).

In the instant case, the evidence establishes three distinct sales separated by days. Neal had

---

[7]    *United States v. Ressler*, 54 F.3d 257, 259 (5th Cir.1995).

[8]    See, e.g., *United States v. Barr*, 130 F.3d 711, 712 (5th Cir.1997)(two drug sales to same buyer separated by a day counted as two criminal transactions); *Ressler*, 54 F.3d at 260 (burglary and later stabbing of pursuer approximately ten minutes later were two criminal transactions); *United States v. Washington*, 898 F.2d 439, 442 (5th Cir.1990)(two robberies committed against same victim hours apart were two criminal transactions).

days to decide against selling more drugs, but he elected to commit the additional crimes. As Neal's

convictions were distinct in time, Neal committed three "serious drug offenses" for the purposes

of § 924(e). Accordingly, the armed career criminal enhancement is warranted. The defendant's

objection is overruled and this matter will be reset for sentencing.

Lake Charles, Louisiana, this _____ day of April, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE