U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 19 2017

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 2:06-CR-20069 |
| v. | * | |
| | * | JUDGE UNASSIGNED |
| JOSEPH M. NEAL | * | |
| | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Rec. Doc. 70) filed by the defendant Joseph M. Neal. The government has filed a response in opposition to the motion (Rec. Doc. 76). For the following reasons, the court will **DENY** the Motion to Vacate, Set Aside, or Correct Sentence, and **DISMISS** the petition **WITH PREJUDICE.**

### I.   FACTS & PROCEDURAL HISTORY

In 2006, Neal was indicted for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g).[1] He pleaded guilty to that charge in 2007,[2] and in 2008, he was sentenced to 188 months of incarceration.[3] The Pre-Sentence Investigation Report (PSR) determined that Neal was subject to an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 1924(e) because he had three previous serious drug offenses.[4] The PSR detailed three previous drug offense convictions: December 12, 2002 distribution of cocaine; December 19, 2002

---

[1] Indictment (Rec. Doc. 1).

[2] Minute Entry (Rec. Doc. 25).

[3] Judgment (Rec. Doc. 44).

[4] *See* Memo. Ruling (Rec. Doc. 40) (finding that the ACCA enhancement recommended by the PSR was warranted).

1

distribution of cocaine; and December 29, 2002 distribution of cocaine.[5] The court sentenced him to 188 months of incarceration,[6] and this sentence was vacated and remanded by the United States Court of Appeals of the Fifth Circuit because the advisory range was miscalculated.[7] On November 20, 2009, this court re-sentenced Neal to 180 months of imprisonment.[8]

On March 21, 2016, Neal filed a 28 U.S.C. § 2255 motion for relief under *Johnson v. United States,* 135 S. Ct. 2551 (2015).[9] Neal argued that he should not have qualified for the ACCA enhancement based on his previous convictions because the convictions should have been considered as one single offense and they were not serious drug offenses. Based on his argument that his previous convictions should have been considered as one conviction, Neal argued that his guidelines range was miscalculated. Neal also argued that his counsel was ineffective for not objecting to "the burden of proof issues," and that he did not receive credit for time served. The clerk issued this district's standard procedural and administrative orders governing *Johnson*-based § 2255 cases, and appointed the Office of the Federal Public Defender (FPD) to represent Neal.[10] The FPD moved to withdraw its representation in January 2017,[11] which was granted.[12] The government filed a Response in Opposition to the *Johnson* Motion arguing that the motion is time-barred and that Neal is not entitled to relieve under *Johnson*.[13] The government also argued

---

[5] *Id.*

[6] Judgment (Rec. Doc. 44).

[7] Judgment/Mandate of USCA (Rec. Doc. 56).

[8] Amended Judgment (Rec. Doc. 63). Judgment was entered on December 3, 2009.

[9] Motion to Vacate (Rec. Doc. 70).

[10] *See* (Rec. Docs. 71, 72, 73).

[11] Motion to Withdraw (Rec. Doc. 73).

[12] Order (Rec. Doc. 75).

[13] Memo. in Opposition (Rec. Doc. 76).

2

that Neal's claim regarding credit for time served was improperly raised because it was filed under § 2255 instead of 28 U.S.C. § 2241 and filed in the wrong federal district.[14]

## II. LAW & ANALYSIS

Section 2255 Motions to Vacate, Set Aside, or Correct a Sentence are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f). Neal's judgment of conviction became final on December 18, 2009, after his time for filing a notice of direct appeal expired.[15] *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). Therefore, unless another provision of § 2255(f) applies his one-year period expired on December 18, 2010. Neal argues that his current motion is timely because it is brought pursuant to the recent Supreme Court decision in *Johnson*, and therefore, § 2255(f)(3) applies.

Under the ACCA, if a person violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense, he is subject to a 15-year mandatory minimum sentence. 18 US.C. § 924(e)(1). The Supreme Court in *Johnson* invalidated the residual clause

---

[14] *Id.*

[15] Neal had 14 days from the time judgment was entered on December 3, 2010 to file an appeal.

of the ACCA's definition of a violent felony, § 924(e)(2)(B)(ii). 135 S. Ct. at 2557. This ruling was made retroactively applicable under *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). However, the *Johnson* ruling did not invalidate the ACCA enhancement for serious drug offenses. *See* 135 S. Ct. at 2563. Neal was classified as an Armed Career Criminal based on three prior serious drug offenses. Therefore, the *Johnson* ruling does not retroactively apply and Neal cannot use § 2255(f)(3) to extend the statute of limitations. Accordingly, all of his § 2255 claims are time-barred and will be **DISMISSED WITH PREJUDICE.**

Additionally, this court does not have jurisdiction over Neal's claim regarding credit for time served. To challenge the manner in which a sentence is executed, including claims regarding credit for time served, a petitioner should file writ of *habeas corpus* under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Such petitions must be filed in the district where the petitioner is incarcerated. *Id.* (citations omitted); *Lee v. Wetzel*, 244 F.3d 370, 373–75 (5th Cir. 2001). Neal was incarcerated at the Federal Correctional Institution in Beaumont, Texas, when he filed his motion.[16] Accordingly, even if the court construes his motion as a request for relief under § 2241, this court would lack jurisdiction to consider the claim. *See Lee*, 244 F.3d at 373–75. Therefore the motion must be denied. Neal may instead file a § 2241 petition in the proper district if he desires.

---

[16] *See* (Rec. Doc. 70-2).

### III. CONCLUSION

For the reasons explained above, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 70) will be **DENIED** and **DISMISSED WITH PREJUDICE.**

Alexandria, Louisiana, this __19th__ day of September, 2017.

                                      DEE D. DRELL, CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT