UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:06-CR-20069-01** |
| **VERSUS** | **JUDGE DRELL** |
| **JOSEPH M NEAL (01)** | **MAGISTRATE JUDGE KAY** |

O R D E R

Now before the court is a letter motion seeking clarification of sentence (Doc. 81) filed by Defendant Joseph M. Neal ("Neal"). Neal's motion asserts that, although the sentencing judge in his case, the late Honorable Patricia Minaldi, specified on the record that Neal was to be given credit against his 188-month sentence for all time served in federal custody awaiting sentencing, he was not properly credited with such time by the Bureau of Prisons ("BOP"). Neal's motion asks the court to "clarify" the sentence in light of his release date, now set for May 4, 2021 by the BOP.

Neal's motion, although styled as one for "clarification," is actually a motion challenging the manner of calculation of his sentence by BOP. Claims alleging error in the calculation of a sentence must be presented by a motion for writ of habeas corpus under 28 U.S.C. § 2241 after first exhausting administrative remedies. Moreover, such habeas petition must be filed within the jurisdiction in which the inmate is incarcerated at the time the petition is filed. United States v. Gabor, 905 F.2d 76 (5th Cir. 1990). It appears from the record that Neal is incarcerated at FCI Texarkana, which means he must first exhaust his administrative remedies there before filing any desired § 2241 habeas petition regarding sentence computation in the appropriate district court. Thus, were we to construe Neal's letter motion as a § 2241 habeas petition, the result would not differ, as this court would still lack jurisdiction over the claim.

1

The court notes that this information was relayed to Defendant in the court's Judgment issued September 2017 denying his prior "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Doc. 70) wherein Neal also raised this issue. Considering the foregoing, it is hereby

ORDERED that Defendant's instant motion is DENIED and DISMISSED.

THUS DONE AND SIGNED this 25 day of September, 2020 at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT